IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 1:14-CR-397 |
| v. | Honorable Anthony J. Trenga |
| SB MEDICAL, INC., and<br>HANOCH DAVID STEIN,<br>    Defendants. | Trial Date:  May 13, 2015 |

## MOTION IN LIMINE TO ADMIT CERTAIN BUSINESS RECORDS

The United States requests that the Court make a preliminary ruling on admission of business records that have been certified in accordance with Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505.  The forms complying with Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505 are attached to this motion in Exhibits 1-6.

### Background

The Defendants are charged in a 25-count indictment arising from a scheme to import misbranded prescription drugs into the United States.  The investigation turned up, and the government intends to introduce at trial, various business records admissible under Federal Rule of Evidence 803(6) from Internet Service Providers (ISPs), financial institutions, government entities, and shipping companies.  To support the admission of these records, the government has obtained certification forms complying with Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505, which are attached to this motion as Exhibit 1-6.  Accordingly, pursuant to Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505, the Government moves for admission of the following exhibits:

1. GX1, which is a hard drive containing emails obtained from Google, Inc., Yahoo! Inc., and Hostgator.com LLC pursuant to search warrants, and the following exhibits, which are particular emails contained in GX1: GX2-69, GX85-88, GX90-92, GX94, GX97, GX99, GX101, GX103, GX105, GX121-127, and GX174-179. The admission of these exhibits is supported by the following certificates, contained in Exhibit 1 to this motion:

    a. Rule 902(11) Certificates from Google related to the email accounts of Google account-holders ACHTOV, RIVK88, MICHAELRABS, YOMO21; JERSEYWAREHOUSE123, SHIPMED123, SBINC2013, SBMEDICAL.100, TZVI.LEX, SHIPPINGGURU11; AARON@TCMEDGROUP.COM, CARMEN@TCMEDGROUP.COM, DR@TCMEDGROUP.COM, ACCOUNTING@TCMEDGROUP.COM, ADAM@TCMEDGROUP.COM, SL@TCMEDGROUP.COM, JASON@CCAREDIRECT.COM, GENTHNERNET, DAVID.THEWEBGUY, PREMIUMPHARMACEUTICALS; JASONCLINICAREDIRECT, SASMUKLER, ZVILEX44, MISTERBURKE, KEPMED, DMIRL@TCMEDGROUP.COM, JULIE@SINAIMEDS.COM, COSMETICSRX, YJTCAMPUZANO, APTERDAVID, DRNIKIZ; and AMIRKLEINSTER;

    b. Rule 902(11) Certificate from Hostgator.com, Inc. related to mailboxes and similar information for user PREMIUMDRUGCARE.COM; and

    c. Rule 902(11) Certificate from Yahoo! Inc. related to the email account of Yahoo! Account-holder JONNNAY.

2. GX111, which is a disk containing account records obtained from American Express, Citibank, Wells Fargo, and SalesOrder.com pursuant to legal process,[1] and the following exhibits, which are account records obtained from the same institutions via the same subpoenas: GX112 (AmEx records), GX119 (Chase records), and GX89, 93, 95, and 128 (Salesorder.com records). The admission of these exhibits is supported by the following certificates, contained in Exhibit 2 to this motion:

    a. Rule 902(11) Certificate from American Express related to account records for accounts 5-21004 and 5-22002;

    b. Rule 902(11) Certificate from Citibank;

    c. Rule 902(11) Certificate from Wells Fargo related to account records for an account ending in 2624;

---

[1] The documents contained in GX111 that are not from American Express, Citibank, Wells Fargo, or SalesOrder.com were obtained from the email search warrants referenced in paragraph 1, and are thus admissible via the ISP 902(11) certifications contained in Exhibit 1.

    d. Section 3505 Certificate from SalesOrder.com for the account of S.B. Medical, Inc.

3. GX118, which are checks provided by Orthopedic Specialty Clinic in Fredericksburg, Va, pursuant to a subpoena. The admission of this exhibit is supported by a Rule 902(11) Certificate from Orthopedic Specialty Clinic, contained in Exhibit 3 to this motion.

4. GX130, which is an application for mailbox rental at 2505 Lord Baltimore Drive, GX145, which is an application for mailbox rental at 2833 Smith Avenue, GX180 which is a record of a UPS account in the name of David Stein.  The admission of these exhibits is supported by the Rule 902(11) Certificates from UPS, contained in Exhibit 4 to this motion.

5. GX181 which is a record of a Federal Express account in the name of David Stein.  The admission of this exhibit is supported by the Rule 902(11) Certificates from Federal Express, contained in Exhibit 5 to this motion.

6. GX68, which is a Notice of FDA Action dated 11/2/11, and GX69, which is a Notice of FDA Action dated 12/8/11.  The admission of these exhibits is supported by a Rule 902(11) Certificate from the FDA, contained in Exhibit 6 to this motion.

## Authenticity

Under Federal Rule of Evidence 902(11), an original or a copy of a certificate complying with the rule is self-authenticating and requires no extrinsic evidence of authenticity if it meets the requirements of Rule 803(6)(A)-(C) "by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court."  18 U.S.C. § 3505 provides the same rule for a foreign record of regularly conducted activity.  The government has given defense counsel reasonable written notice of its intent to offer the evidence that is the subject of this motion and has produced and/or made these records available for inspection.

## Hearsay

The government intends to introduce records obtained from ISPs, financial institutions, government entities, and shipping companies – these are business records. Federal Rule of Evidence 803(6) provides that "[a] record of an act, event, condition, opinion, or diagnosis" is

not excluded by the general rule against hearsay if: "(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."

As noted above, the government has obtained certification forms complying with Federal Rule of Evidence 902(11) and 18 U.S.C. § 3505 that state the essential elements of Rule 803(6). The sources themselves are reputable businesses and governmental organizations. Accordingly, there are no circumstances that suggest that the records are not trustworthy. In addition, the admission of such records poses no Confrontation Clause problems. *See United States v. Mallory*, 461 F. App'x 352, 356-57 (4th Cir. 2012); *United States v. Becerra-Valdez*, 448 F. App'x 457, 462 (5th Cir. 2011) (noting, in affirming the admissibility of certain alien registration file documents, that "other circuits . . . have consistently held that a Form I–205 and similar A–File records are non-testimonial and do not violate the Confrontation Clause"); *United States v. Bansal*, 663 F.3d 634, 666-67 (3d Cir. 2011) (upholding admission of foreign business records under § 3505 against confrontation clause challenge). Under Rule 803(6), therefore, the records should be admitted. [2]

---

[2] The Government reserves the right to argue that each of the exhibits referenced in this motion are admissible under a number of bases in addition to Rule 902(11). In particular, emails, letters, applications and financial documents written or adopted by the defendants or their co-conspirators are admissible as party admissions under Federal Rule of Evidence 801(d)(2), and

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:       /s/
        Kellen S. Dwyer
        Alexander T.H. Nguyen
        Jay V. Prabhu
        Assistant United States Attorneys
        Eastern District of Virginia
        *Counsel for the United States*
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: alexander.nguyen@usdoj.gov
        Email: jay.prabhu@usdoj.gov
        Email: kellen.dwyer@usdoj.gov

---

documents created by the FDA are admissible as certified public records under Federal Rules of Evidence 902(1), (2), and (4).

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing MOTION IN LIMINE TO ADMIT CERTAIN BUSINESS RECORDS with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF) to counsel of record for the Defendants.

        Respectfully submitted,

        Dana J. Boente
        United States Attorney

By:       /s/
        Kellen S. Dwyer
        Assistant United States Attorney
        Eastern District of Virginia
        *Counsel for the United States*
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Phone: (703) 299-3700
        Fax: (703) 299-3981
        Email: kellen.dwyer@usdoj.gov